## Snyder v. Brown

Louis T. Guthrie, for plaintiff.
Joseph J. Durney Jr., for claimant.

MILLER, J., May 15, 1986—

### OPINION AND ORDER IN THE MATTER OF OBJECTIONS TO THE SHERIFF'S DETERMINATION FILED BY GUTMAN LIVESTOCK SALES INC., CLAIMANT

This matter is before the court on the objections filed by Gutman Livestock Sales Inc. to the determination made by the sheriff of York County on February 26, 1986 denying the claim of Gutman made by way of interpleader. Gutman claimed title to 15 Holstein cows levied upon by the sheriff by virtue of a writ of execution issued out of the office of the prothonotary after plaintiff had obtained judgment against defendant.

The basis of the underlying action was a claim by plaintiff against defendant and against defendant's parents, Wilmer S. Brown and Alice M. Brown, for feed and supplies sold by plaintiff to the dairy farming operation of the named defendants. At a hearing before a board of arbitration, an award in the amount of $7,010.41, together with interest, was

entered on October 31, 1985, against defendant Sterling L. Brown only. The award was in favor of defendants Wilmer S. Brown and Alice M. Brown.

Thereafter, on December 16, 1985, judgment was entered on the award in the total amount of $7,710.41, and on the same date a praecipe for a writ of execution was filed. On February 11, 1986, the sheriff of York County levied upon certain personal property at the farm operated by defendant Sterling L. Brown. Included were the 15 cattle which are the subject of this claim.

On January 29, 1986, Gutman Livestock Sales Inc. filed an interpleader with the sheriff alleging Gutman to be the owner of the 15 Holstein cows levied upon. On February 24, 1986, a hearing was held before the sheriff of York County and on February 26, 1986, the sheriff denied the interpleader, holding that the Holstein cows were the property of defendant Sterling L. Brown. On March 6, 1986, Gutman Livestock Sales Inc. filed an objection to the sheriff's determination, and on May 6, 1986, the court conducted a hearing on these objections.

At the hearing Gutman offered testimony to show that they sold the cattle to Wilmer S. Brown, the father of defendant Sterling L. Brown, during the years 1975 to 1982. Each of the bills of sale contained the following language: "Title shall vest in sellers until payment is made in full." Gutman testified that payment has not been made. They therefore claim the right to possession of the cattle as against the executing creditor of Sterling L. Brown. Gutman also offered testimony of Wilmer S. Brown to the effect that Wilmer Brown owned the cattle and that Sterling Brown had no interest in those cattle. Wilmer Brown further testified that his son, Sterling, was the "owner of the farm business" and that he may have testified at the sheriff's

interpleader hearing that his son, Sterling L. Brown, defendant, "may have been the owner" of the cattle. Sterling Brown did not testify.

The evidence also shows that since the sale of the cattle by Gutman to Wilmer S. Brown, title to the farm of Wilmer S. Brown was conveyed to him to Wilmer S. Brown and Alice M. Brown, his wife, and Sterling L. Brown as joint tenants with right of survivorship. At or about the same time, a judgment note in an amount which approximated the purchase price of the cattle was executed and delivered by Wilmer S. Brown, Alice M. Brown, and Sterling L. Brown, in favor of Gutman Livestock Sales Inc., the present claimant.

The record is therefore confused, but we will try to sort out the parties' rights in accordance with the provisions of the Uniform Commercial Code.

Of critical importance, of course, is the matter of the ownership of the cattle. It is clear from the testimony that the execution debtor, Sterling L. Brown, was in possession of the cattle, and that he used them for his own benefit in the operation of the dairy farm. The execution debtor paid nothing to Wilmer S. Brown for the use of the cattle or for anything which arose out of the operation of the dairy farm. We are satisfied that he is the owner of the cattle. It is clear to us that when Sterling L. Brown's mother and father conveyed a joint interest in the farm to him, they gave to him all of their interest in the dairy farm operation as well. This conclusion is buttressed by the execution of the judgment note in favor of Gutman Livestock Sales Inc. by the execution debtor, Sterling L. Brown. This is evidence that Sterling L. Brown assumed the objection to pay for the cattle which had been given to him by his father, Wilmer S. Brown.

Gutman contends that title to the cattle never vested in either of the Browns because of the reservation of title in the bills of sale. The Uniform Commercial Code, 13 Pa.C.S. §9202, provides that the rights, obligations and remedies of the code apply "whether title to collateral is in the secured party or in the debtor." Therefore it makes no difference whether Gutman purported to retain title or whether title was transferred to the purchaser with the reservation of a security interest.

The provisions of the code which relate to perfecting a security interest, 13 Pa.C.S. §9302(a), provide that a financing statement must be filed to perfect all security interests except for seven enumerated categories of goods. Cattle, being "farm products" under 13 Pa.C.S. §9109(3), are not included in the exceptions to the general rule under section 9302.

13 Pa.C.S. §9301(a) provides in part:

". . . An unperfected security interest is subordinate to the rights of (2) a person who becomes a lien creditor before the security interest is perfected. . . ."

Therefore, the claim of Gutman to the cattle, being based upon an unperfected security interest, is subordinate to the interest of Gordon S. Snyder, the executing lien creditor.

For the reasons set forth above, we dismiss the objections filed by Gutman Livestock Sales Inc. to the sheriff's determination of ownership of the cattle. Since the cattle have been sold by virtue of the writ of execution and since the sheriff has held the proceeds of that sale pending the court's determination of these objections, the funds generated by the sale of the cattle shall be turned over to the execution creditor or otherwise disposed of in accordance with the sheriff's proposed schedule of distribution. Gutman is not without remedy, however. There is still the judgment note executed by all of the own-

ers of the real estate of Wilmer S. Brown, Alice M. Brown, and Sterling L. Brown.

Accordingly, we enter the following

## ORDER

And now, this May 15, 1986, the objections to the sheriff's determination of ownership of the 15 Holstein cattle are dismissed. The sheriff is directed to proceed with the distribution of the funds generated by the levy and execution as provided by law.